**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| IN RE:                                      ) | CASE NO: |
| **Danny Earl Boles, Sr.**              ) | |
| **Tempie Boles**                         ) | Chapter 13 |
| SSN(s): **xxx-xx-4701, xxx-xx-2732**  ) | |
| **118 Springwood Road**             ) | |
| **Enchanted Oaks, Texas 75156**  ) | |
| ) | |
| ) | |
|                              Debtor     ) | |

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

# CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of **$550.00** per **month** to Trustee by ☐ Payroll Deduction(s) or by ☑ Direct Payment(s) for the period of **58** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. See 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

   The following alternative provision will apply if selected:

   ☐ Variable Plan Payments

| Beginning Month | Ending Month | Amount of Monthly Payment | Total |
|---|---|---|---|
| 1 (03/04/2015) | 58 (12/04/2019) | $550.00 | $31,900.00 |
| | | Grand Total: | $31,900.00 |

3. **Payment of Claims.** The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. Allowed claims shall be paid to the holders thereof in accordance with the terms thereof. From the monthly payments described above, the Chapter 13 Trustee shall pay the following allowed claims in the manner and amounts specified. Claims filed by a creditor designated as secured or priority but which are found by the Court to be otherwise shall be treated as set forth in the Trustee's Recommendation Concerning Claims.

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to § 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

   (A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

   (B). **Debtor's Attorney's Fees.** The total attorney fee as of the date of filing of the petition is **$3,500.00**. The amount of **$230.00** was paid prior to the filing of the case. The balance of **$3,270.00** will be paid ☑ from first funds upon confirmation, or in the alternative ☐ from the remaining balance of funds available after specified monthly payments. The total attorney fees are subject to reduction by notice provided in the Trustee's Recommendation Concerning Claims to an amount consistent with LBR 2016(h) absent a certification from debtors attorney regarding legal services provided pertaining to automatic stay litigation occurring in the case.

Case No:
Debtor(s): **Danny Earl Boles, Sr.**
**Tempie Boles**

5. **Priority Claims.**

   (A). **Domestic Support Obligations.**

   ☑ None. If none, skip to Plan paragraph 5(B).

   (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

   (iii). Anticipated Domestic Support Obligation Arrearage Claims

   (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   ☑ None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage claim | (c)<br>Projected monthly arrearage payment |
|---|---|---|

   (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   ☑ None; or

   Claimant and proposed treatment:

| (a)<br>Claimant | (b)<br>Proposed Treatment |
|---|---|

   (B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|

6. **Secured Claims.**

   (A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

   (i). **Pre-confirmation adequate protection payments.** Unless the Court orders otherwise, no later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment, as confirmation is prohibited without said proof.

   Debtor shall make the following adequate protection payments:

   ☐ directly to the creditor; or

   ☐ to the Trustee pending confirmation of the plan.

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Adequate protection payment amount |
|---|---|---|

Case No:
Debtor(s):  **Danny Earl Boles, Sr.**
**Tempie Boles**

---

(ii).  **Post confirmation payments.**  Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b).  If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a).  **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing.  See § 1325(a)(5).  After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e).  Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court.  Payments distributed by the Trustee are subject to the availability of funds.

☑ None; or

| (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Estimated Claim | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|
| | | | | |

(b).  **Claims to Which § 506 Valuation is Applicable.**   Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a).  After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e).  The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim.  Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court.  Payments distributed by the Trustee are subject to the availability of funds.

☑ None; or

| (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|
| | | | | |

(B).  **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due.  These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise.  Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full.  Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor; and (b) Property description | (c) Estimated pre-petition arrearage | (d) Interest rate | (e) Projected monthly arrearage payment |
|---|---|---|---|
| **America's Servicing Company** Debtors' Homestead | $24,000.00 | 0.00% | $452.83 |

Case No:
Debtor(s):  **Danny Earl Boles, Sr.**
**Tempie Boles**

---

(C). **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
|  |  |

(D). **Void Lien:** The secured creditors listed below hold a non-purchase money, non-possessory security interest on Debtor's exempt property. Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph 7 below:

| Name of Creditor | Collateral Description | Estimated Claim |
|---|---|---|
|  |  |  |

7. **Unsecured Claims.** Debtor estimates that the total general unsecured debt not separately classified in Plan paragraph 12 is   **$16,914.00**   . After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of   **$1,440.00**   . Trustee is authorized to increase this dollar amount if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** All executory contracts and unexpired leases are assumed, unless rejected herein. Payments due after the filing of the case will be paid directly by Debtor (c) or through the plan by the Trustee (d), as set forth below.

Debtor proposes to cure any default by paying the arrearage on the assumed leases or unexpired contracts in the amounts projected in column (e) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☐ None; or

| (a) Creditor; and (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Payment to be paid through plan by Trustee | (e) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
| **Joe & Patty Garcia** **Residential Lease** **Debtors are Lessors** | $550.00 |  |  |

9. **Property of the Estate.** Upon confirmation of this plan, title of the property of the estate shall vest in DEBTOR(S), unless the Court orders otherwise.

10. **Post-petition claims.** The DEBTOR(S) will not incur any post-petition consumer debt except upon written approval of the Court or the Standing Chapter 13 Trustee. Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

Case No:
Debtor(s): **Danny Earl Boles, Sr.**
**Tempie Boles**

11. **General Provisions.** Post-Petition earnings during the pendency of this case shall remain property of the estate notwithstanding section 1327. Any remaining funds held by the Trustee after dismissal or conversion of a confirmed plan may be distributed to creditors pursuant to these provisions. Notwithstanding section 1329(a), the Trustee may bring a motion anytime within the applicable commitment period of the Plan to modify debtor's Plan to meet the criteria of section 1325(b). Any funds sent to the debtor(s) in care of the Trustee, during the pendency of this case may be deposited to the debtor's account and disbursed to creditors holding allowed claims pursuant to this Plan, the Confirmation Order, and/or as set forth in the Trustee's Recommendation Concerning Claims.

12. **Other Provisions:**

   (A). **Special classes of unsecured claims.**

| Name of Unsecured Creditor | Remarks |
|---|---|
|  |  |

   (B). **Other direct payments to creditors.**

| Name of Creditor | Remarks |
|---|---|
| **America's Servicing Company** | **Pd. direct** |
| **Bayview Financial Loan** | **Pd. direct** |

   (C). **Additional provisions.**

   **Replacement Value Not Set at Confirmation**
   Notwithstanding any provision herein to the contrary, the value(s) of the collateral securing the claims, if any, as set forth in paragraph 6(A)(ii)(b) of this Chapter 13 Plan are not determined upon the entry of this Confirmation Order, unless an agreement regarding such value is attached to this Order. In the absence of any such attachment, such value shall be established pursuant to each creditor's secured proof of claim pertaining to any such collateral, subject to subsequent modification be the entry of an order resolving any objection to such secured proof of claim or resolving a party's seperate motion to value the particular collateral pursuant to 11 USC 506 and Bankruptcy Rule 3012

   **Trustee's Recommendation Concerning Claims**
   Notwithstanding any provision herein to the contrary, the deadline for the Trustee to file the Trustee's Recommendation Concerning Claims, as well as the deadline for filing objections to the Trustee's Recommendation Concerning claims and objections to claims shall be governed by Local Bankruptcy Rule 3015(g).

   **Tax Returns and Refunds**
   All future refunds which the Debtor(s) receive during the term of the plan, starting with the tax refund, if any, to be received in the tax year 2014, shall be turned over to the Chapter 13 Trustee within ten (10) days of receipt of such, to the extent said refunds exceed $ 6,000.00, and shall be added to the plan base. Whether or not a tax refund is due, Debtor(s) shall provide a copy of their tax return to the Trustee within ten (10) days of filing such during the term of the Plan.

   **Timing of Trustee Fees**
   Notwithstanding any other provision in the Plan, the Trustee shall receive a fee as allowed pursuant to the provisions of the 28 U.S.C. 586 (e) (2) in the percentage amount as fixed by the United States Trustee.

Special Note: This plan is intended as an exact copy of the recommended form prepared by the Standing Chapter 13 Trustees for this District, except as to any added paragraphs after paragraph 11 above. The Chapter 13 trustee shall be held harmless for any changes in this plan from the recommended form dated July 1, 2005.

Case No:
Debtor(s): **Danny Earl Boles, Sr.**
**Tempie Boles**

Date: **February 2, 2015**             **/s/ Danny Earl Boles, Sr.**
                                        Danny Earl Boles, Sr., Debtor

**/s/ GORDON MOSLEY**                   **/s/ Tempie Boles**
GORDON MOSLEY, Debtor's Attorney        Tempie Boles, Debtor

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

IN RE:  **Danny Earl Boles, Sr.**                                             CASE NO.
*Debtor*

**Tempie Boles**                                                              CHAPTER  **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on February 2, 2015, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ GORDON MOSLEY**
GORDON MOSLEY
Bar ID:00791311
Law Office of Gordon Mosley
4411 Old Bullard Rd., Ste. 700
Tyler, Texas 75703
(903) 534-5396

---

Account Services
1802 NE Loop 410 #400
San Antonio, TX  78217

Alchemy Worldwide
7120 Hayvenhurst Ave
Van Nuys, CA 91406

America's Servicing Company
xxxxxxxxx9248
3476 Stateview Blvd.
Fort Mill, SC 29715

Acqura Loan Services
9441 LBJ Freeway Ste 250
Dallas, TX 75243

Allied Collection Service
4230 LBJ Freeway #407
Dallas, TX 75244

America's Servicing Company
PO Box 829009
Dallas, TX 75382

Acqura Loan Services
PO Box 202743
Dallas, TX 75320

America's Servicing Comapny
PO Box 10388
Des Moines, IA 50306

American InfoSource LP as agent for
Reliant Energy
PO Box 248838
Oklahoma City, OK 73124

Acqura Loan Servicing
7880 Bent Branch Dr.
Irving, TX 75063

America's Servicing Company
xxxxxxxxx9248
P.O. Box 10328
Des Moines, IA 50306

American InfoSource LP as agent for
Texas Health Resources
as assignee of Texas Health
Presbyterian
PO Box 248838
Oklahoma City, OK 73124

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

IN RE:  **Danny Earl Boles, Sr.**                                                                                           CASE NO.
*Debtor*

**Tempie Boles**                                                                                                                      CHAPTER   13
*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

| | | |
|---|---|---|
| American InfoSource LP as agent for DirecTV, LLC<br>Mail Station N387<br>2230 E. Imperial Hwy<br>El Segundo, CA 90245-3504 | Athens Surgical Assoc.<br>PO Box C<br>Athens, TX 75751 | Bayview Loan Servicing, LLC<br>62516 Collection Center Dr.<br>Chicago, IL 60693 |
| Americredit<br>PO Box 183853<br>Arlington, TX 76096 | Attorney General of Texas<br>Taxation Div - Bankruptcy<br>Box 12548 Capitol Station<br>Austin Texas  78711 | Bealls<br>PO Box 660297<br>Dallas TX  75266-0297 |
| Anderson, Burns, and Vela<br>8111 LNJ Freeway, Suite 1501<br>Dallas, TX 75251 | Bank of America<br>NC 4-105-03-14<br>PO Box 26012<br>Greensboro NC  27420-6012 | Brachfield Associates<br>PO Box 11029<br>Carson, CA 90749-1029 |
| Arc Management Group, LLC<br>11333 91st Ave. N. Ste A<br>Maple Grove, MN 55369 | Barney M. Barnhill DDS<br>703 S. Goliad<br>Rockwall, TX 75087 | Caliber<br>xxxxxx2089<br>715 S Metropolitan<br>Oklahoma City, OK 73108 |
| Arrow Financial Services<br>21031 Network Pl<br>Chicago IL  60673 | Barrett Daffin Frappier, et al<br>1900 St. James Place, Ste. #500<br>Houston, TX  77056 | Capital Management Services, Inc<br>726 Exchange St Suite 700<br>Buffalo, NY 14210 |
| Athens Anesthesia Services<br>510 E. Clinton Ave.<br>Athens, TX 75751 | Barrett, Daffin, Frappier, Turner & Enge<br>xxxxxxxxxx1027<br>15000 Surveyor Blvd., Ste #100<br>Addison, TX  75001 | Capital One Auto Finance<br>xxxxxxxxxxxx1001<br>3905 N Dallas Pkwy<br>Plano, TX 75093 |
| Athens Emergency Med. Assoc. P.A.<br>Affiliate of the Schumacher Group<br>PO Box 1637<br>San Antonio, TX 78296-1637 | Bayview Financial Loan<br>xxxxxxxx0123<br>Bankruptcy Dept<br>4425 Ponce De Leon Blvd  5th Fl<br>Miami, FL 33146 | Capital One Auto Finance<br>9441 LBJ Freeway Ste 350<br>Dallas, TX 75243 |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

IN RE: **Danny Earl Boles, Sr.**                                                CASE NO.
*Debtor*

**Tempie Boles**                                                                 CHAPTER    **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #2)

| | | |
|---|---|---|
| Capital One Auto Finance<br>PO Box 93016<br>Long Beach CA 90809-3016 | Columbia House<br>PO Box 1115<br>Terre Haute IN 47811-1115 | East Texas Anesthesia Assoc.<br>PO Box 2127<br>Athens, TX 75751 |
| Cavalry Portfolio Services<br>Attn: Bankruptcy Dept.<br>500 Summit Lake Dr. Ste 400<br>Valhalla, NY 10595-2322 | Credit Systems International<br>1277 Country Club Ln<br>Fort Worth, TX 76112 | East Texas Path Lab, CP-AT<br>PO Box 730<br>Caddo Mills, TX 75135-0730 |
| CBE Group<br>PO Box 2547<br>Waterloo IA 50704 | Dallas County Appraisal Dist<br>2949 N Stemmons Frwy<br>Dallas, TX 75247-6195 | East Texas Radiological Consultants<br>810 Lucas Dr.<br>Athens, TX 75751 |
| Cellular One<br>2213 S. Loop 256 STE 104<br>Palestine, TX 75801-4703 | Dallas County Tax Assessor<br>1500 Marilla Drive #2125<br>Dallas TX 75201-6300 | Edward Sloan & Associates<br>PO Box 788<br>Winnsboro, TX 75494 |
| Centurylink<br>PO Box 2961<br>Phoenix, AZ 85062-2961 | Danny Earl Boles, Sr.<br>118 Springwood Road<br>Enchanted Oaks, Texas 75156 | Ellis Emergency Physicians<br>PO Box 41586<br>Philadelphia PA 19101-1586 |
| Check Systems<br>Attn: Consumer Relations<br>12005 Ford Rd. Ste. 600<br>Dallas, TX 75234 | Debt Recovery Solutions, LLC<br>900 Merchants Ste 106<br>Westbury, NY 11590 | Embarq<br>PO Box 660068<br>Dallas, TX 75266 |
| CMRE Financial Service, Inc<br>3350 E. Birch St., Ste 200<br>Brea, CA 92821-6267 | DirecTV<br>PO Box 6550<br>Greenwood Village, CO 80155 | Enhanced Recovery<br>8014 Bayberry Rd.<br>Jacksonville, FL 32256 |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

IN RE: **Danny Earl Boles, Sr.**                     CASE NO.
*Debtor*

**Tempie Boles**                                      CHAPTER   13
*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #3)

| | | |
|---|---|---|
| Ennis Regional Medical Center<br>803 West Lampasas Street<br>Ennis, TX 75119 | Henderson County Appraisal<br>PO Box 430<br>Athens, TX  75751-0430 | Jefferson Capital Systems, LLC<br>PO Box 7999<br>Saint Cloud, MN 56302 |
| ETMC<br>PO Box 7000<br>Tyler TX  75711 | Henderson County Tax Assessor<br>c/o: Milburn Chaney<br>101 E Tyler  Courthouse Annex<br>Athens, TX  75751 | Joe Lozano<br>Buckley Madole, P.C.<br>9441 LBJ Freeway Ste 350<br>Dallas, TX 75243 |
| ETMC Athens<br>2000 S. Palestine St.<br>Athens, TX 75771 | Home Servicing LLC<br>8641 United Plaza Blvd.<br>Ste 302<br>Baton Rouge, LA 70809 | John R. Lane, Jr.<br>John Lane and Associates<br>8526 N. New Braunfels<br>San Antonio, TX 78217 |
| Eustace I.S.D.<br>Joyce Hodge Tax Assesor Collector<br>PO Box 188<br>Eustace, TX  75124 | Hospital Receivables Service, Inc.<br>PO Box 816165<br>Dallas, TX  75381 | John Talton<br>110 North College Avenue<br>Tyler, TX 75702 |
| Garanty Bank Visa<br>PO Box 15026<br>Wilmington, DE 19850 | IC Systems<br>PO Box 64886<br>ST. Paul, MN 55164 | Kevin G. Herd<br>Goodrich, Postnikoff & Assoc. LLP<br>777 Main Street Suite 1360<br>Fort Worth, TX 76102 |
| GE Money Bank<br>PO Box 965022<br>Orlando, FL 32896-5022 | Insolve Recovery, LLC<br>c/o Capital Recovery, Dept 3203<br>PO Box 123203<br>Dallas, Texas 75312-3203 | Kohm & Associates, P.C.<br>112 East Pecan Street Ste 2810<br>San Antonio, TX 78205 |
| GM Financial<br>P.O. Box 181145<br>Arlington, TX 76096 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Lee Gordon<br>McCreary Veselka Bragg & Allen, PC<br>PO Box 1269<br>Round Rock, Texas 78665 |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

IN RE: **Danny Earl Boles, Sr.**                               CASE NO.
*Debtor*

**Tempie Boles**                                               CHAPTER   13
*Joint Debtor*

## CERTIFICATE OF SERVICE

(Continuation Sheet #4)

---

| | | |
|---|---|---|
| LVNV Funding<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603 | Northland Group Inc<br>PO Box 390857<br>Edina MN  55439 | Quantum3 Group LLC<br>PO Box 788<br>Kirkland, WA  98083-0788 |
| MDM<br>PO Box 814367<br>Dallas, TX 75234 | PBM<br>3701 Junius Street<br>Dallas, TX 75246 | Recovery Services of America<br>PO Box 815335<br>Dallas, TX 75381 |
| Michael J. Burns<br>Brice, Vander Linden & Wernick, PC<br>9441 LBJ Freeway, Suite 250<br>Dallas, TX 75243 | Portfolio Recoverly & AFFIL<br>120 Corporate Blvd, Ste1<br>Norfolk, VA 23502 | Regional Radiology Assoc.<br>PO Box 2368<br>Palestine TX  75802-2368 |
| Michael J. Burns<br>Brice, Vander Linden & Wernick, PC<br>PO Box 9013<br>Addison, TX 75001 | Professional Finance Co.<br>5754 West 11 Street Ste 100<br>Greeley, CO 80634 | Reliant Energy<br>PO Box 1700<br>Houston, TX 77251 |
| Michael W. Zientz<br>Mackie Wolf Zientz & Mann PC<br>14160 N. Dallas Pkwy. Ste 900<br>Dallas, TX  75254 | Professional Loan Star Anesthesia<br>Box 140395<br>Dallas, TX 75214 | RJM Collections<br>PO Box 18013<br>Hauppauge, NY 11788 |
| Midland Funding<br>7322 SW Freeway Suite 1600<br>Houston, TX 77074 | Propel Financial Services, LLC<br>PO Box 100350<br>San Antonio, TX 78201 | RMR Rustic<br>409 Bearden Park<br>Knoxville, TN 37919 |
| Nelson, Watson & Associates<br>PO Box 1299<br>Haverhill, MA 01831 | Property Tax Fix, LLC<br>PO Box 101002<br>Fort Worth, TX 76185 | RSA<br>PO Box 815335<br>DALLAS, TX 75381 |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

IN RE:  **Danny Earl Boles, Sr.**                                                                CASE NO.
                            *Debtor*

**Tempie Boles**                                                                                           CHAPTER    13
                          *Joint Debtor*

## CERTIFICATE OF SERVICE

(Continuation Sheet #5)

| | | |
|---|---|---|
| Sallie Mae<br>PO Box 9635<br>Wilkes-Barre, PA 18773-9635 | Texas Medicine Resources<br>PO Box 8549<br>Ft Worth TX 76124 | United Revenue Corp<br>204 Billings #120<br>Arlington TX 76010 |
| Samuel R. Mitz MD<br>9603 White Rock TRL #200<br>Dallas, TX 75238 | Texas Trauma and Emergency Care<br>PO Box 9477<br>Tyler, TX 75711 | United States Attorney<br>110 N College<br>Suite 700<br>Tyler Texas 75702 |
| Southwest Credit System Inc<br>4120 International Pkwy Ste 1100<br>Carrollton, TX 75007-1958 | Texas Workforce Commission<br>Attn: Bankruptcy Information<br>101 E 15th St<br>Austin Texas 78778-0001 | United States Attorney General<br>Eric H. Holder<br>U.S. Department of Justice<br>950 Pennsylvania Ave. NW<br>Washington, DC 50530-0001 |
| Sprint<br>PO Box 650270<br>Dallas TX 75265 | Touchstone Imaging<br>PO Box 116484<br>Atlanta, GA 30368 | Urology Center of East Texas PA<br>1701 S Palestine Suite A<br>Athens TX 75751 |
| Star Urology of Texas<br>1321 W. 2nd Ave<br>Corsicana, TX 75110 | Trident Asset Management<br>5755 Northpoint Parkway<br>Alpharetta, GA 30022 | UTSW St. Paul Hospital<br>5323 Harry Hines Blvd<br>Dallas, TX 75390 |
| Steve Turner<br>Barrett Daffin Frappier Turner & Engell<br>610 W. Fifth St., Ste. 602<br>Austin, TX 78701 | Trident Asst<br>xxxxxx3919<br>53 Perimeter Cente<br>Atlanta, GA 30346 | Verizon<br>xxxxxxxxxx0001<br>500 Technology Dr<br>Ste 550<br>Weldon Spring, MO 63304 |
| Texas Comptroller of Public Accts<br>Rev. Accounting Div - Bankruptcy Section<br>PO Box 13528<br>Austin Texas 78711-3528 | Trinity Mother Frances<br>PO Box 6997<br>Tyler TX 75711-6997 | Verizon<br>PO Box 3397<br>Bloomington, IL 61702 |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

IN RE:  **Danny Earl Boles, Sr.**　　　　　　　　　　　　　　　CASE NO.
　　　　　　　　　　　　*Debtor*

**Tempie Boles**　　　　　　　　　　　　　　　　　　　　　CHAPTER    **13**
　　　　　　　　　　　*Joint Debtor*

**CERTIFICATE OF SERVICE**
(Continuation Sheet #6)

Wells Fargo
PO Box 29702
Phoenix, AZ 85038-9702


Westlake Financial Svc
xxx2508
4751 Wilshire Blvd Suite 100
Los Angeles, CA 90010